# CV 15    5902

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Matthew B. Weinstein,        )
                             )
            Plaintiff,       )
                             )
    vs.                      )
                             )
TD Bank, N.A.,               )
                             )
            Defendant.       )

FILED
CLERK

2015 OCT 14  AM 9: 35

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

GERSHON, J.

GO, M.J.

## COMPLAINT

1. Plaintiff brings this action to secure redress for unauthorized electronic funds transfers and defendant's failure to properly investigate such transfers upon notice and its failure to provide plaintiff with the documents relied upon by the defendant in its investigation.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 15 U.S.C. §1693m and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue in this district is proper because the events complained of occurred here.

## PARTIES

4. Plaintiff is a resident of the Eastern District of New York.

5. Defendant TD Bank N.A., is a federally-chartered corporation with offices in Queens New York, including a location at 164-06 Union Turnpike, Flushing New York 11365.

## FACTS

6. In June 2015, plaintiff had a personal checking account linked to a debit card at TD Bank, N.A.

7. In June 2015, plaintiff's account was accessed by unknown individual(s) through the use of a TD Bank ATM.

1

8. The thief debited various amounts form the plaintiff's account. Additionally the thief deposited a fraudulent check into the plaintiff's account which was then immediately withdrawn.

9. Plaintiff derived no benefit from the transactions and did not authorize them.

10. Plaintiff notified the bank, as soon as he discovered the fraudulent withdrawals to his account. Plaintiff cooperated with the bank and complied with all the bank's requests.

11. TD Bank, N.A., did not issue a provisional credit.

12. By letter dated June 25, 2015 the bank advised plaintiff that it had decided that the transactions were authorized and that it would not credit the account for the $2,010.00 that the bank had previously debited.

13. Plaintiff protested this action and requested information regarding the basis of the decision.

14. TD Bank, N.A., did not adequately respond.

## COUNT I – ELECTRONIC FUNDS TRANSFER ACT

15. Plaintiff incorporates paragraphs 1-14.

16. 15 U.S.C. §1693f provides:

(a) Notification to financial institution of error

If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 1693d(a), (c), or (d) of this title or notification pursuant to section 1693d(b) of this title, receives oral or written notice in which the consumer--

  (1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;

  (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and

2

>   **(3)** sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,

the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c) of this section, nor shall the financial institution be liable under subsection (e) of this section if the written confirmation is not received within the ten-day period referred to in the previous sentence.

(b) Correction of error; interest

If the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error, subject to section 1693g of this title, including the crediting of interest where applicable.

(c) Provisional recredit of consumer's account

If a financial institution receives notice of an error in the manner and within the time period specified in subsection (a) of this section, it may, in lieu of the requirements of subsections (a) and (b) of this section, within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error, subject to section 1693g of this title, including interest where applicable, pending the conclusion of its investigation and its determination of whether an error has occurred. Such investigation shall be concluded not later than forty-five days after receipt of notice of the error. During the pendency of the investigation, the consumer shall have full use of the funds provisionally recredited.

(d) Absence of error; finding; explanation

If the financial institution determines after its investigation pursuant to subsection (a) or (c) of this section that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that

3

such error did not occur. The financial institution shall include notice of the right to request reproductions with the explanation of its findings.

(e) Treble damages

If in any action under section 1693m of this title, the court finds that--

> **(1)** the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c) of this section, and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or
>
> **(2)** the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation,

then the consumer shall be entitled to treble damages determined under section 1693m(a)(1) of this title.

(f) Acts constituting error

For the purpose of this section, an error consists of--

> **(1)** an unauthorized electronic fund transfer; . . .
>
> **(6)** a consumer's request for additional information or clarification concerning an electronic fund transfer or any documentation required by this subchapter; . . .

17. Defendant failed to comply with 15 U.S.C. §1693f, in that it:

    a. Failed to reasonably and in good faith investigate plaintiff's claim of an unauthorized transaction;

    b. Failed to provide the documentation relied upon after being requested to do so.

18. 15 U.S.C. §1693g provides:

4

... (b) Burden of proof

In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized ...

(e) Scope of liability

Except as provided in this section, a consumer incurs no liability from an unauthorized electronic fund transfer.

19. 15 U.S.C. §1693l provides:

No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter. Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this subchapter or a waiver given in settlement of a dispute or action.

20. 15 U.S.C. §1693m provides:

(a) Individual or class action for damages; amount of award

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of--

   (1) any actual damage sustained by such consumer as a result of such failure;

   (2)
   
       (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

       (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to

5

> comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--

> **(1)** in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or
>
> **(2)** in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional. . . .

(g) Jurisdiction of courts; time for maintenance of action

Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a. Actual damages;

b. Statutory damages;

c. Treble damages;

d. Attorney's fees, litigation expenses and costs;

e. Such other or further relief as the Court deems proper.

6

## COUNT II – BREACH OF CONTRACT

21. Plaintiff incorporates paragraphs 1-14.

22. The parties' contract did not authorize TD Bank, N.A.., to debit plaintiff's account for transactions he did not authorize.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a. Actual damages;

    b. Costs;

    c. Such other or further relief as the Court deems proper.

Dated: Cedarhurst, New York
October 13, 2015

Plaintiff requests trial by jury on all issues so triable.

                                                                  *s/Lawrence Katz*
                                                                   Lawrence Katz

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that the attorney for plaintiff claims a lien upon any recovery herein. All rights relating to attorney's fees have been assigned to counsel.

                                                                   *s/Lawrence Katz*
                                                                   Lawrence Katz

Lawrence Katz
      Law Offices of Lawrence Katz PLLC
445 central Avenue Suite 201
Cedarhurst, New York 11516
(516) 374-2118
(516) 706-2404 (FAX)

8

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                          *s/Lawrence Katz*
                                                          Lawrence Katz